IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICA'S HEALTH & RESOURCE CENTER, LTD., an Illinois Corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No.  16-cv-4539 |
| v. | ) ) | Judge Thomas M. Durkin |
| ALCON LABORATORIES, INC., NOVARTIS PHARMACEUTICALS CORPORATION, and JOHN DOES 1-12 | ) ) ) ) | |
| Defendants. | ) | |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff, America's Health & Resource Center, Ltd. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated and, except for those allegations pertaining to Plaintiff or its attorneys, which are based upon personal knowledge, alleges the following upon information and belief against defendants Alcon Laboratories, Inc. ("Alcon"), Novartis Pharmaceuticals Corporation ("Novartis"), and John Does 1-12 (collectively "Defendants"):

## PRELIMINARY STATEMENT

1.     Defendants have sent advertisements by facsimile in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200 (collectively, the "TCPA").

2.     Defendants sent Plaintiff at least 2 advertisements by facsimile and in

violation of the TCPA. Exhibit A and Exhibit B.

3.      Plaintiff brings this action on behalf of itself and a class of all similarly-situated persons, and against Defendants, seeking statutory damages for each violation of the TCPA, trebling of the statutory damages, injunctive relief, compensation and attorney fees (under the conversion count), and all other relief the Court deems appropriate under the circumstances.

4.      Unsolicited faxes cause damage to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message. Moreover, a junk fax interrupts the recipient's privacy. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.

## PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff is an Illinois corporation with its principal place of business in Cook County, Illinois.

6.      On information and belief, Alcon is a Delaware corporation with its principal place of business in Fort Worth, Texas.

7.      On information and belief, Novartis is a Delaware corporation with its principal place of business in Hanover, New Jersey.

8.      John Doe Defendants 1-12 are persons yet unknown to Plaintiff that

actively participated in the transmission of fax advertisements to the class, or benefitted from those transmissions.

9.      The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

10.     Personal jurisdiction exists over Defendants in Illinois because Defendants have transacted business and committed tortious acts within the State.

11.     Venue is proper in the Northern District of Illinois because Defendants committed statutory torts within this District and a significant portion of the events took place here.

## FACTS

12.     Defendants sent advertisements by facsimile to Plaintiff and a class of similarly-situated persons. Whether Defendants did so directly or with the assistance of a third party (yet unknown to Plaintiff), Defendants are directly liable for violating the TCPA.

13.     Plaintiff has received at least two of Defendants' advertisements by facsimile. True and correct copies of faxes received in January 2016 are attached as Exhibit A and Exhibit B. Plaintiff intends to discover the number of other Defendants' advertisements sent to Plaintiff by fax.

14.     Exhibit A and Exhibit B are four-page documents advertising Defendants' "Ilevro" and "Ciprodex" medications, respectively. Each promotes the commercial availability or quality of goods, products or services from Defendants. Each provides information about the benefits of these medications, instructions for

3

using them, and methods for contacting Defendants to receive discounts and samples.

15.  Exhibit A and Exhibit B each state, "From: Alcon."

16.  Exhibit A and Exhibit B each contain language claiming Novartis's copyright in the advertisement form. Exhibit A states in fine print at the bottom of the first page, " © 2015 Novartis 10/15 US-ILV-15-B-0363a." Exhibit B states in fine print at the bottom of the first page, "© 2015 Novartis 7/15 CDX15027FX-C."

17.  Plaintiff did not expressly invite or give permission to anyone to send Exhibit A or Exhibit B to Plaintiff's fax machine.

18.  On information and belief, Defendants sent advertisements by facsimile to Plaintiff and more than 39 other persons in violation of the TCPA.

19.  Plaintiff and the other class members owe no obligation to protect their fax machines from Defendants. Their fax machines are ready to send and receive their urgent communications, or private communications about patients' medical needs, not to receive Defendants' unlawful advertisements.

## CLASS ACTION ALLEGATIONS

20.  Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of a class, initially defined as follows:

> Each person that was sent one or more telephone facsimile messages promoting the commercial availability or quality of property, goods, or services offered by "Alcon" or "Novartis," but not stating on the first page that the fax recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with such a request is unlawful.

Plaintiff expressly reserves the right to modify the proposed class definition or

4

propose subclasses.

21.  Excluded from the class are Defendants, any entity in which Defendants have a controlling interest, each of Defendants' officers, directors, legal representatives, heirs, successors, and assigns, and any Judge assigned to this action, including his or her immediate family.

22.  On information and belief, Defendants' fax advertising campaigns involved other, substantially-similar advertisements also sent without the opt-out notice required by the TCPA. Plaintiff intends to locate those advertisements in discovery.

23.  This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies Rule 23 (a)'s numerosity, commonality, typicality, adequacy requirements. Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

24.  **Numerosity/impracticality of joinder.** On information and belief, the class consists of more than 39 persons and, thus, is so numerous that individual joinder of each member is impracticable. The precise number of class members and their identities are unknown to Plaintiff, but will be obtained from Defendants' records or the records of third parties.

25. **Commonality and predominance.** There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

a. Whether Defendants sent advertisements by facsimile promoting the commercial availability or quality of property, goods, or services;

b. Whether Exhibit A, Exhibit B, or other yet-to-be-discovered facsimiles advertised the commercial availability or quality of either Defendant's property, goods or services;

c. The manner and method Defendants used to compile or obtain the lists of fax numbers to which they sent the faxes contained in Exhibits A and B and other fax advertisements;

d. Whether the opt-out notices on Defendants' fax advertisements violated the TCPA;

e. Whether each Defendant is primarily liable for violating the TCPA;

f. Whether Plaintiff and the other class members are entitled to statutory damages;

g. If the Court finds that Defendant(s) willfully or knowingly

violated the TCPA, whether the Court should exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than 3 times the amount;

h.      Whether the Court should enjoin Defendants from faxing advertisements in the future; and

i.      Whether Defendants' conduct as alleged herein constituted conversion.

26.      **Typicality of claims.** Plaintiff's claims are typical of the claims of the other class members, because Plaintiff and all class members were injured by the same wrongful practices. Plaintiff and the members of the class received Defendants' advertisements by facsimile and those advertisements did not contain the opt-out notice required by the TCPA. Under the facts of this case, because the focus is upon Defendants' conduct, if Plaintiff prevails on its claims, then the putative class members will prevail as well.

27.      **Adequacy of representation.** Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and TCPA litigation in particular, and Plaintiff intends to vigorously prosecute this action. Plaintiff and its counsel will fairly and adequately protect the interest of members of the class.

28.      **Prosecution of separate claims would yield inconsistent results.** Even though the questions of fact and law in this action are predominantly common to

Plaintiff and the putative class members, separate adjudication of each class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendants to operate under if/when class members bring additional lawsuits concerning the same unsolicited fax advertisements of if Defendants choose to advertise by fax again in the future.

29. **A class action is the superior method of adjudicating the common questions of law or fact that predominate over individual questions.** A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

30. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

31. Plaintiff brings Count I on behalf of itself and a class of similarly

situated persons against Defendants.

32.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

33.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227 (a) (4).

34.    The TCPA provides a private right of action as follows:

>    3.    Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>        (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
>        (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>        (C)    Both such actions.

47 U.S.C. § 227 (b) (3).

35.    The Court, in its discretion, may treble the statutory damages if a violation was knowing or willful.  47 U.S.C. § 227 (b) (3).

36.    Here, Defendants violated 47 U.S.C. § 227 (b) (1) (C) by sending advertisements by facsimile (such as Exhibits A and B) to Plaintiff and the other class members without first obtaining their prior express invitation or permission.

37.    The TCPA requires that every advertisement sent by facsimile must include an opt-out notice clearly and conspicuously displayed on the bottom of its first page. 47 C.F.R. § 64.1200 (a) (4).

38.    Neither Exhibit A nor Exhibit B contains the clear and conspicuous opt-out notice required by the TCPA. Each states in tiny print, "To have your fax number removed from our database, call this toll-free number 1-888-681-5252, enter document number 700271 and follow the prompts, or fax 1-888-248-5116."

39.    Defendants failed to include a clear and conspicuous opt-out notice on each of their fax advertisements. Instead, Defendants' notices are in tiny print, hidden in or beneath other text. *E.g.,* Exhibit A; Exhibit B.

40.    Neither Exhibit A nor Exhibit B provides all of the information the TCPA requires for a compliant opt-out notice. Each fails to state on the advertisement's first page that the recipient may make a request to the sender not to send any future advertisement by facsimile and that the sender's failure to comply within 30 days is unlawful.

41.    Defendants violated the TCPA by failing to state on the first page of each fax advertisement that their failure to comply with an opt-out request within 30 days would be unlawful. *E.g.,* Exhibit A; Exhibit B.

42.    Facsimile advertising imposes burdens on recipients that are distinct from the burdens imposed by other types of advertising. The required opt-out notice provides recipients the necessary information to opt-out of future fax transmissions, including a notice that the sender's failure to comply with the opt-out request will

be unlawful. 47 C.F.R. § 64.1200 (a) (4).

43.     Defendants' failure to include a compliant opt-out notice on their fax advertisements makes irrelevant any express consent or established business relationship ("EBR") that otherwise might have justified Defendants' fax advertising campaigns. 47 C.F.R. § 64.1200 (a) (4).

44.     The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if their actions were negligent. 47 U.S.C. § 227 (b) (3).

45.     Even if Defendants did not intend to injure Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste their valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

46.     If Defendants' actions were knowing or purposeful, then the Court has the discretion to increase the statutory damages up to 3 times the amount. 47 U.S.C. § 227 (b) (3).

47.     Each Defendant is liable for the fax advertisements at issue because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to or constituting the violation, the faxes were sent on its behalf, or under general principles of vicarious liability, including actual authority, apparent authority and ratification.

48.     Defendants knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendants or

anybody else to fax advertisements about Defendants' goods, products, or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that Exhibits A and B are advertisements, and that Exhibits A and B did not display compliant opt-out notices as required by the TCPA.

49.     Defendants' actions damaged Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, the subject faxes used Plaintiff's and the class's fax machines. The subject faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of unlawful fax advertisements occurred outside Defendants' premises.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in statutory damages for each violation

12

of the TCPA or the FCC's regulations;

C.     That, if it finds Defendant(s) willfully or knowingly violated the TCPA's faxing prohibitions or the FCC's regulations prescribed thereunder, the Court exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than 3 times the amount.

D.     That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

E.     That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

50.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

51.     Plaintiff brings Count II on behalf of itself and a class of similarly situated persons and against Defendants.

52.     By sending advertisements to their fax machines, Defendants improperly and unlawfully converted the class's fax machines to Defendants' own use. Where printed (as in Plaintiff's case), Defendants also improperly and unlawfully converted the class members' paper and toner to Defendants' own use. Defendants also converted Plaintiff's time to Defendants' own use, as they did with the valuable time of the other class members.

53.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members each owned an unqualified and immediate right to

possession of their fax machines, paper, toner, and employee time.

54. By sending them unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

55. Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

56. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

57. Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award punitive damages;

14

D.    That the Court award attorney's fees;

E.    That the Court award costs of suit; and

F.    That the Court award such further relief as it may deem just and proper under the circumstances.

Respectfully submitted,

AMERICA'S HEALTH & RESOURCE
CENTER, LTD., an Illinois Corporation,
individually and as the representative of a
class of similarly-situated persons

By:  /s/ Phillip A. Bock

Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
James M. Smith
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St,, Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500
Facsimile:  312-658-5555

**CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on August 25, 2016, the foregoing *Amended Class Action Complaint* was electronically filed with the Clerk of Court by using the CM/ECF system, which provides electronic notice to all counsel of record:

Francis A. Citera
Gregory E. Ostfeld
Kyle L. Flynn
Greenberg Traurig, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL 60601
citeraf@gtlaw.com
ostfeldg@gtlaw.com
flynnk@gtlaw.com

*Attorney for Defendants Alcon Laboratories, Inc.
and Novartis Pharmaceuticals Corporation*

                          /s/ Phillip A. Bock
                          One of Plaintiff's Attorneys