UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICA'S HEALTH & RESOURCES, CENTER, LTD., et al., | ) ) ) | No. 16 CV 4539 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| ALCON LABORATORIES, INC., et al., | ) ) ) | March 12, 2018 |
| Defendants. | ) | |

**ORDER**

Before the court is Plaintiffs' motion for sanctions against Subpoena Respondent WestFax, Inc. ("WestFax"). For the following reasons, the motion is denied:

**Background**

On January 9, 2018, the court ordered WestFax to respond to Plaintiffs' subpoena, which had been served back in September 2017, by no later than January 23, 2018. (R. 123.) In response to this order, WestFax filed a "Status Update Discovery" on January 26, 2018. (R. 133.) WestFax reported to the court that it does not possess any documents Plaintiffs seek in their subpoena because it does not retain or save any fax records and because it does not have any direct commercial relationship with Defendants. (Id. at 2, 3.) Notwithstanding the absence of any direct connection with Defendants, WestFax also reported that it has turned over all invoices issued to Digital Messaging Solutions ("DMS") in 2016 and

2017 because DMS is one of WestFax's customers and DMS may have been responsible for rendering the relevant fax broadcasting services on behalf of Defendants. (Id. at 3, 4.)

On February 20, 2018, Plaintiffs filed the current motion seeking sanctions against WestFax for having failed to respond to their subpoena for records. (R. 144.) Plaintiffs assert that not only did WestFax deliberately fail to respond to the subpoena but engaged in contumacious conduct by misrepresenting its involvement with fax broadcasting services provided on behalf of Defendants. In response to this motion, WestFax maintains that it has no documents responsive to Plaintiffs' subpoena.

**Analysis**

WestFax may arguably have been able to secure more specific information to find documents responsive to the subpoena, but as a third-party discovery respondent it is entitled to shift that burden to Plaintiffs. In fact, under Rule 45(d)(1), Plaintiffs have an obligation to take reasonable steps to ensure that the subpoena does not impose undue burden on WestFax. Likewise, the court has an independent obligation to protect third-party subpoena respondents from undue burden and expense when responding to discovery subpoenas. *Id.*

The subpoena in question seeks 24 categories of documents. (R. 144-1, Pls.' Mot., Ex. A at 2-3.) It covers the time period of April 21, 2012, to present and seeks documents regarding all fax broadcasting related to products "manufactured, sold,

distributed, marketed or advertised" by Defendants. (Id. at 1.) The problem with this subpoena is that it is too vague and too broad as directed to WestFax. Plaintiffs have successfully peeled back the layers of Defendants' fax marketing structure, but failed to use the information they uncovered when drafting the subpoena issued to WestFax. According to the motion, Defendants retained the services of D&R Lathian, Inc. ("DRL") to implement their fax marketing plans. DRL then retained the services of PFN Communications ("PFN") to fulfill DRL's obligation to Defendants. PFN then further subcontracted the obligation to DMS—one of WestFax's customer. DMS then used WestFax's platform to execute the fax broadcasting on behalf of PFN, which ultimately resulted in the implementation of Defendants' fax marketing campaign. WestFax does not have any business relationship with Defendants, DRL, or PFN, and according to it, WestFax does not possess any information on the faxes disseminated by DMS using its platform, at least not organized by Defendants' names or products. As such, the court finds that Plaintiffs have not met their burden in demonstrating that WestFax deliberately failed to respond to their subpoena. The subpoena should have included information specific to DMS's fax broadcasting activities (i.e., reference numbers DMS used to track PFN work and dates DMS used WestFax's platform) for the benefit of PFN to assist WestFax in conducting a reasonable search for responsive documents. Without this specific information, the subpoena in its current form is meaningless to WestFax and imposes an undue burden on it.

3

## Conclusion

For the foregoing reasons, Plaintiffs' motion for sanctions against WestFax is denied.

**ENTER:**

**Young B. Kim**
**United States Magistrate Judge**