**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICA'S HEALTH & RESOURCE, | ) | |
| CENTER, LTD., *et al.*, | ) | Case No. 16-cv-4539 |
| Plaintiffs, | ) | |
| v. | ) | Hon. Thomas M. Durkin |
| | ) | Hon. Young B. Kim |
| ALCON LABORATORIES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE PLAINTIFFS' CLASS DEFINITION ASSERTING CLAIMS ON
BEHALF OF NON-ILLINOIS-RESIDENTS**

Defendants Alcon Laboratories, Inc. ("Alcon") and Novartis Pharmaceuticals Corporation

("NPC") (collectively "Defendants") submit this Memorandum in support of their Motion To

Strike Plaintiffs' Class Definition Asserting Claims on Behalf of Non-Illinois Residents pursuant

to Rule 12(f) of the Federal Rules of Civil Procedure.

**I.     PRELIMINARY STATEMENT**

Defendants move to strike Plaintiffs' class definition insofar as it purports to assert

claims on behalf of nonresident putative class members against nonresident defendants. Recent

governing precedent of the U.S. Supreme Court, as further construed and applied by this Court,

makes clear the Court lacks personal jurisdiction over such claims. Because Plaintiffs' class

definition cannot proceed as alleged, striking the class definition will streamline this litigation by

requiring Plaintiffs to refocus their class definition on a jurisdictionally plausible class.

On June 19, 2017, the Supreme Court issued its ruling in *Bristol-Myers Squibb Co. v.*

*Superior Court of California, San Francisco County*, holding that a California state court lacked

specific personal jurisdiction over the claims of nonresident plaintiffs against a nonresident

defendant, because there was no connection between the forum and the nonresident plaintiffs'

claims. 137 S. Ct. 1773, 1781 (2017). The Court emphasized that, when analyzing whether a

court has specific personal jurisdiction over a nonresident plaintiff's claims against a nonresident defendant, it does not matter that the court has jurisdiction over a resident's claims, even if those claims are identical to the claims brought by the nonresident. *Id.* In order for the court to have specific personal jurisdiction over a nonresident plaintiff's claims against a nonresident defendant, there must be an independent and adequate link between the forum and the nonresident's claims. *Id.*

In *Practice Management Support Services, Inc. v. Cirque du Soleil, Inc.*, this Court applied *Bristol-Myers* to a putative class action which, like the present case, was based on claims arising from the Telephone Consumer Protection Act ("TCPA"). No. 14 C 2032, 2018 WL 1255021, at *15-19 (N.D. Ill. Mar. 12, 2018). Pursuant to *Bristol-Myers*, this Court dismissed all claims asserted on behalf of non-Illinois residents for lack of personal jurisdiction. *Id.* at *18-19.

Plaintiffs America's Health & Resource Center, Ltd. and Affiliated Health Group, Ltd. (collectively "Plaintiffs") have brought this putative nationwide class action in Illinois against companies incorporated in Delaware with headquarters in Texas and New Jersey. Pursuant to the holdings in *Bristol-Myers* and *Practice Management Support*, claims asserted by Plaintiffs on behalf of putative class members who are not residents of Illinois cannot proceed, because this Court cannot exercise personal jurisdiction over those claims. Accordingly, Plaintiffs' class action allegations should be stricken to the extent they assert claims on behalf of nonresident putative class members against Defendants.

## II. RELEVANT FACTS

Alcon is a Delaware corporation with its principal place of business in Texas. Second Amended Complaint ("SAC") [Dkt. No. 40] ¶ 7. NPC is a Delaware corporation with its principal place of business in New Jersey. *Id.* ¶ 8. Plaintiffs allege they are Illinois corporations

with their principal places of business in Illinois. *Id.* ¶¶ 5-6. Plaintiffs seek to represent a putative

class "of themselves and all others similarly situated as members of a class," defined as follows,

without geographic restriction to Illinois residents:

> Each person that was sent one or more telephone facsimile messages promoting
> the commercial availability or quality of property, goods, or services offered by
> "Alcon" or "Novartis," but not stating on the first page that the fax recipient may
> make a request to the sender not to send any future ads and that failure to comply,
> within 30 days, with such a request is unlawful. *Id.* ¶ 26.

Plaintiffs allege Defendants violated the TCPA by sending faxes to members of

Plaintiffs' putative class and unlawfully converted the putative class members' fax machines for

Defendants' own use. *Id.* ¶¶ 36-64.

## III.   LEGAL STANDARD

Under Rule 12(f), this Court "may strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Though

"usually disfavored," motions to strike "are appropriate … if they serve to streamline the

litigation." *In re Herbal Supplements Mktg. & Sales Practices Litig.*, No. 15-CV-5070, 2017 WL

2215025, at *4 (N.D. Ill. May 19, 2017) (collecting cases). Thus, a motion to strike "may be used

to expedite a case by 'remov[ing] unnecessary clutter.'" *VitalGo, Inc. v. Kreg Therapeutics, Inc.*,

No. 16-CV-5577, 2017 WL 6569633, at *2 (N.D. Ill. Dec. 21, 2017) (quoting *Heller Fin., Inc. v.
Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). A district court has

"considerable discretion" in deciding a motion to strike. *Id.* (quoting *Delta Consulting Grp., Inc.
v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009)).

Defendants' motion to strike is predicated on a lack of personal jurisdiction over the

claims of nonresident putative class members against nonresident defendants. Once personal

jurisdiction has been challenged, "the plaintiff bears the burden of demonstrating the existence of

jurisdiction." *Purdue Research Found. v. Sanofi-Syntholabo, S.A.*, 338 F.3d 773, 782 (7th Cir

3

2003). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). "Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Accordingly, "federal personal jurisdiction is proper whenever the person would be amenable to suit under the laws of the state in which the federal court sits[.]" *KM Enterprises, Inc. v. Global Traffic Technologies, Inc.*, 725 F.3d 718, 723 (7th Cir. 2013). This rule applies specifically in the context of cases, like this one, brought under the TCPA. *See, e.g., Practice Mgmt. Support*, 2018 WL 1255021, at *16 ("Because the TCPA does not authorize nationwide service of process, the court…look[s] to Illinois law for the limitation on the exercise of personal jurisdiction."). Since this Court sits in Illinois, it may only exercise jurisdiction to the extent an Illinois state court would be able to do so. *See, e.g., Bakov v. Consol. Travel Holdings Grp., Inc.*, Case No. 15 C 2980, 2016 WL 4146471, at * 1 (N.D. Ill. Aug. 4, 2016).

Courts located in Illinois and applying Illinois law regarding personal jurisdiction may exercise personal jurisdiction to the fullest extent allowed by the Illinois and United States Constitutions – but no further. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp*, 230 F.3d 934, 940 (7th Cir. 2000) (citing 735 Ill.Comp.Stat. 5/2-209(c)). Federal courts analyzing the issue have noted that no case has emerged in which due process was satisfied under the U.S. Constitution but not under the Illinois Constitution. *Citadel Group Ltd. v. Washington Regional Medical Center*, 536 F.3d 757, 761 (7th Cir. 2008). Therefore, a federal court located in Illinois can resolve the inquiry simply by determining whether its exercise of jurisdiction in a given case would be consistent with the U.S. Constitution. *Id.*

The Supreme Court has identified only two circumstances under which the U.S. Constitution allows courts to assert personal jurisdiction over a defendant without violating the Due Process Clause of the Fourteenth Amendment. First, a court located in a particular state may exercise "general jurisdiction" over a defendant if that defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). However, "[t]he threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Tamburo*, 601 F.3d at 701.

Where a Defendant is not essentially at home in the forum state, a plaintiff invoking the court's jurisdiction must establish "specific jurisdiction" by showing "an affiliation between the forum and the underlying controversy." *Goodyear*, 564 U.S. at 919; *see also Practice Mgmt. Support*, 2018 WL 1255021, at *18 ("for an exercise of specific personal jurisdiction, 'the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum'") quoting *Bristol–Myers*, 137 S. Ct. at 1780.

## IV.   ARGUMENT

Here, as in *Practice Management Support*, Plaintiffs are seeking to assert claims on behalf of a putative nationwide class for alleged violations of the TCPA, and their class definition incorporates no geographic limitations to Illinois residents. SAC ¶ 26. Plaintiffs' class definition thus impermissibly asserts claims on behalf of nonresident putative class members against nonresident defendants, and should be stricken because this Court cannot exercise either general or specific jurisdiction over such claims.

A.     **This Court Cannot Exercise General Jurisdiction Over Defendants.**

Plaintiffs correctly allege that Defendants are incorporated in Delaware and maintain their principal places of business in Texas (Alcon) and New Jersey (NPC), respectively. [Dkt. No. 40, SAC ¶¶ 7-8]. Accordingly, this Court, situated in Illinois, cannot exercise general jurisdiction over Defendants without violating the Due Process Clause of the Fourteenth Amendment. *Practice Management Support*, 2018 WL 1255021, at \*16; *see also Bristol-Myers*, 137 S. Ct. at 1780-81. This Court's jurisdiction over Defendants is limited to those claims for which Plaintiffs are able to establish this Court's specific personal jurisdiction.

B.     **The Supreme Court's Decision in *Bristol-Myers* Confirms this Court Lacks Specific Jurisdiction over the Claims of Nonresident Putative Class Members Against Nonresident Defendants.**

Lacking general jurisdiction over Defendants, this Court can only exercise personal jurisdiction through specific jurisdiction upon a showing by Plaintiffs that the claims arise out of, or relate to, Defendants' contacts with the forum. *Practice Management Support*, 2018 WL 1255021, at \*18. The required connection between the forum state and the underlying controversy is absent with respect to Plaintiffs' claims alleged on behalf of nonresident putative class members. "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers*, 137 S. Ct. at 1773 (citation omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* Put simply, a nonresident plaintiff, whether individually or as a putative class member, cannot assert a claim against another nonresident defendants in a disconnected forum state with no nexus to the nonresident class member's dispute, even if jurisdiction exists as to the resident named plaintiffs or resident class members.

It is now established that *Bristol-Myers* applies to the claims of unnamed class members in putative class actions. *See Practice Management Support*, 2018 WL 1255021, at *18-19 (dismissing claims of non-Illinois residents in TCPA class action); *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018) (granting motion to dismiss the claims of "out-of-state plaintiff classes"); *McDonnell v. Nature's Way Prod., LLC*, No. 16 C 5011, 2017 WL 4864910, at *4-5 (N.D. Ill. Oct. 26, 2017) (dismissing claims of non-Illinois resident class members); *Greene v. Mizuho Bank, Ltd*., No. 14 C 1437, 2017 WL 7410565, at *6 (N.D. Ill. Dec. 11, 2017) (dismissing claims of a nonresident named plaintiff).

In *Practice Management Support*, this Court directly addressed the argument that *Bristol-Myers* does not apply to class actions. 2018 WL 1255021, at *15-17. It held that the Supreme Court "has emphasized that 'Rule 23's [class action] requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that the [federal court] rules of procedure 'shall not abridge, enlarge, or modify any substantive right.'" *Id.* at *16 (quoting *Bristol–Myers*, 137 S.Ct. at 1781). "The Supreme Court held in *Bristol–Myers* that the Fourteenth Amendment's due process clause precludes nonresident plaintiffs injured outside the forum from aggregating their claims with an in-forum resident [and] [u]nder the Rules Enabling Act, a defendant's due process interest should be the same in the class context." *Id.* at *16. Accordingly, this Court held it did not have personal jurisdiction over the claims of putative class members who were not Illinois residents. *Id.* at *18-19.

Plaintiffs are Illinois corporations that allegedly received faxes from Defendants in Illinois. Thus, Plaintiffs' ***individual*** claims at least arguably arise out of Defendants' alleged contact with Illinois, because Plaintiffs allege Defendants directed faxes to them in Illinois. However, "specific jurisdiction is confined to adjudication of issues deriving from, or connected

with, the very controversy that establishes jurisdiction." *Goodyear*, 131 S.Ct. at 2851. Plaintiffs' class definition includes many individuals or entities with no connection to Illinois, and whose claims and controversies therefore have no connection to Illinois. Specifically, Plaintiffs' class definition includes all persons, without geographic limitation, who were sent one or more telephone facsimile messages promoting the commercial availability or quality of property, goods, or services offered by Alcon or NPC. SAC ¶ 26.

Because Plaintiffs' proposed class definition is not limited to persons or entities located in Illinois that received faxes in Illinois, nor is it otherwise limited to claims that "arise out of" Defendants' alleged connections with Illinois, it overreaches the Court's jurisdiction. This Court lacks personal jurisdiction over claims alleged on behalf of putative class members who: (1) are not Illinois residents; and (2) did not receive a facsimile in Illinois that allegedly violated the TCPA. Therefore, Plaintiffs' class definition should be stricken to streamline and expedite this litigation by eliminating putative class members lacking a jurisdictional nexus to this forum.

## CONCLUSION

This case is identical to *Practice Management Support* in all relevant respects. As in that case, Plaintiffs seek to invoke this Court's jurisdiction on behalf on nonresident putative class members against nonresident defendants, based on allegation that someone else was harmed in the forum state. But these nonresident putative class members' claims have no connection to the forum state. As in *Practice Management Support*, this effort to sue Defendants in a forum lacking any connection to the putative class members' underlying controversies violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Accordingly, it is proper to strike Plaintiffs' class definition.

Dated: March 29, 2018               By: */s/ Kyle L. Flynn*        
                                            One of Defendants' Attorneys

Francis A. Citera (ARDC No.6185263)
Gregory E. Ostfeld (ARDC No. 6257163)
Kyle L. Flynn (ARDC No. 6312817)
Greenberg Traurig, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL 60601
Tel: (312) 456-8400
Fax: (312) 456-8435
citeraf@gtlaw.com
ostfeldg@gtlaw.com
flynnk@gtlaw.com

9

**<u>CERTIFICATE OF SERVICE</u>**

       I, Kyle L. Flynn, certify that on March 29, 2018, a true and correct copy of **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' CLASS DEFINITION ASSERTING CLAIMS ON BEHALF OF NON-ILLINOIS-RESIDENTS** was served electronically through the Northern District of Illinois CM/ECF electronic filing on all counsel of record.

                                               */s/ Kyle L. Flynn*