UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICA'S HEALTH & RESOURCE CENTER LTD., AND AFFILIATED HEALTH GROUP, LTD. individually and as the representatives of a class of similarly-situated persons, <br><br>PLAINTIFFS, <br><br>v. <br><br>ALCON LABORATORIES, INC., NOVARTIS PHARMACEUTICALS CORPORATION, AND JOHN DOES 1-12, <br><br>DEFENDANTS. | No. 16 C 4539 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs America's Health & Resource Center Ltd. and Affiliated Health Group, Ltd. ask this Court to reconsider its June 15, 2018 order granting Defendants' motion to strike Plaintiffs' class definition. In the alternative, Plaintiffs ask the Court to transfer this proceeding to the District of Delaware. At the crux of Plaintiffs' arguments is the Supreme Court decision in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018). For the following reasons, Plaintiffs' motion is denied.

**DISCUSSION**

**I.** *China Agritech*

In *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), the Supreme Court held that the timely filing of a class action tolls the applicable statute of limitations for all persons encompassed by the class complaint. The Court also held that where class-action status has been denied, members of the failed class could

1

timely intervene as individual plaintiffs in the still-pending action. *See id.* at 544, 552-553. Later, in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), the Court clarified *American Pipe*'s tolling rule to state that putative class members need not intervene in or join an existing suit. Instead, the rule also applies to putative class members who, after denial of class certification, "prefer to bring an individual suit rather than intervene . . . once the economies of a class action [are] no longer available." *Id.* at 350. The circuit courts then split as to whether the *American Pipe* tolling rule includes successive class action suits. *China Agritech*, 138 S. Ct. at 1805 (listing cases); *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 563 (7th Cir. 2011) (holding *American Pipe* tolling could apply to successive class action suits).

The Supreme Court in *China Agritech* resolved the circuit split, and held that the *American Pipe* rule tolls only a putative class member's individual claims—it does not allow a putative class member to file a new class action after the statute of limitations has expired. 138 S. Ct. at 1806-08. The Court explained that equitable tolling is available for individual claims "because economy of litigation favors delaying those claims until after a class-certification denial." *Id.* at 1806. But the "efficiency and economy of litigation that support tolling of individual claims do not support maintenance of untimely successive class actions; any additional class filings should be made early on, soon after the commencement of the first action seeking class certification," so that all would-be early representatives come forward

to allow the district court to select the best plaintiff. *Id.* at 1806-07. With that background, the Court turns to Plaintiffs' arguments.

## II. Motion to Reconsider

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). They are proper where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Motions for reconsideration are not, however, "appropriate vehicle[s] for relitigating arguments that the Court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration." *Caine v. Burge*, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012) (citing *Caisse*, 90 F.3d at 1270).

In its June 15, 2018 order, the Court held it lacks specific jurisdiction over Defendants with respect to class members not located in Illinois. R. 190. Because it lacks jurisdiction, the Court struck any class allegations referring to those non-Illinois putative class members. In doing so, the Court relied on Supreme Court precedent in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017), and several opinions in this district that also held that courts lack jurisdiction over out-of-state defendants with regard to

3

nonresident class members in analogous cases. *Id*. at 2-4. Plaintiffs now argue the Court erred in reaching that decision.

Preliminarily, Plaintiffs' arguments on reconsideration regarding Federal Rule of Civil Procedure 12(f) and Defendants' waiver are duplicative of their prior arguments and are inappropriate on reconsideration. *See In re Abbott Depakote S'holder Derivative Litig.*, 2013 WL 4953686, at *4 (N.D. Ill. Sept. 12, 2013) ("The Court's Order is not a brief that is subject to refutation and it is inappropriate for the Defendants to file a motion for reconsideration merely because they disagree with the Court.").

The only argument Plaintiffs make that is appropriately the subject of a reconsideration motion involves prejudice to the putative class based on *China Agritech*. Plaintiffs argue this Court's order "materially prejudices" non-Illinois putative class members because "approximately half of the more than 650,000 claims at issue would be barred on statute of limitations grounds, under *China Agritech*, because the faxes at issue were sent more than four years ago." R. 192 at 8. But *China Agritech* has no effect on the suits of individual class members. Those suits are still tolled under *American Pipe*. As a result, no putative class member has lost her claim because of this Court's order. Individuals allegedly affected by Defendants' conduct have lost only the ability to pursue their claims as a class action, if their claim falls outside the statute of limitations period. That is exactly what *China Agritech* intended. 138 S. Ct. at 1804 ("*American Pipe* tolls the statute of limitations during the pendency of a putative class action, allowing unnamed

4

class members to join the action individually or file individual claims if the class fails. But *American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations.").[1]

Plaintiffs also contend that absent class members are prejudiced because "[t]he small potential recovery of $500 in statutory damages simply provides insufficient incentive for TCPA victims to bring individual actions," and the Court's order effectively ensures that none of the unnamed class members are likely to bring an individual suit. R. 214 at 8. While that may be true on a practical level, those "practical problems" do not override the "more abstract matter of submitting [Defendants] to the coercive power of a State that may have little legitimate interest in the claims in question." *Bristol-Myers*, 137 S. Ct. at 1780. The Court simply cannot avoid the clear precedent set by the Supreme Court in *Bristol-Myers* and *China Agritech* to expand Plaintiffs' putative class. Plaintiffs have a pending putative class comprised of Illinois residents who received faxes in Illinois. If Plaintiffs wish to expand that class, they must do so in a forum that can exercise personal jurisdiction over Defendants with regard to all of Plaintiffs' proposed class members. And if Plaintiffs wish to encompass as many faxes as possible, they should file suit in that forum, rather than continuing to seek reconsideration of this Court's application of clear Supreme Court precedent while the statute of limitations continues to run.

---

[1] *Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870 (N.D. Ill. 2017), which Plaintiffs cite in support of their argument that the Court should not follow *Bristol-Myers* if it prejudices Plaintiffs, is inapposite. The court's discussion regarding tolling of the limitations period (*id.* at 877) is moot after *China Agritech*.

For those reasons, the Court denies Plaintiffs' motion to reconsider.

### III. Motion to Transfer

In the alternative, Plaintiffs request the Court transfer these proceedings to the District of Delaware under 28 U.S.C. § 1631. Section 1631 provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. Section 1631 has been held to apply not only where subject matter jurisdiction lies in the transferee court but not the transferor court, but also where the defendant is subject to personal jurisdiction not in the transferor court but in the transferee court. *See Greene v. Mizuho Bank, Ltd.*, 169 F. Supp. 3d 855, 866-67 (N.D. Ill. 2016) (listing cases).[2]

Defendants argue that the Court cannot transfer the case under Section 1631 because the Court has jurisdiction, and thus there is no "want of jurisdiction" as required by the section. The Court agrees—it has jurisdiction over Plaintiffs' claims because Plaintiffs are Illinois residents and allegedly received their faxes in Illinois. Accordingly, Section 1631 cannot apply. *F.D.I.C. v. Kahlil Zoom-In Markets, Inc.*,

---

[2] But there is a circuit split as to whether courts may transfer cases under Section 1631 if the court has subject matter jurisdiction but lacks personal jurisdiction. *See Carpenter-Lenski v. Ramsey*, 210 F.3d 374 (7th Cir. 2000) (listing cases but choosing not to reach the issue).

6

978 F.2d 183, 184 (5th Cir. 1992) ("By its very terms, [Section 1631] may be utilized only for a transfer from a court that lacks jurisdiction.").

That the Court lacks jurisdiction over the nonresident unnamed class members is immaterial. A nonnamed class member is not a party to the class-action litigation before the class is certified. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013). Plaintiffs rely on *Devlin v. Scardelletti,* 536 U.S. 1 (2002), to argue that nonnamed class members can be considered parties when their rights are affected like parties. *Id.* at 9-10 (absent class members "may be parties for some purposes and not for others."). But *Devlin* is inapplicable here, because the Court made clear that its ruling applied only to those nonnamed members of a *certified* class. *Id.* at 3 (explaining that the petitioner was a "nonnamed member of a class certified under [Rule] 23(b)(1)"); *see also id.* at 16 n.1 (Scalia, J., dissenting) ("Not even petitioner, however, is willing to advance the novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation *before the class is certified.*") (emphasis in original).[3]

---

[3] Even if *Devlin* applied to not-yet-certified classes, the Court noted that nonnamed class members are not parties for purposes of determining jurisdiction. *Devlin*, 536 U.S. at 10 ("The rule that nonnamed class members cannot defeat complete diversity is likewise justified by the goals of class action litigation. Ease of administration of class actions would be compromised by having to consider the citizenship of all class members, many of whom may even be unknown, in determining jurisdiction.").

7

Because Section 1631 does not apply, Plaintiffs' motion for transfer is denied.[4]

## Conclusion

For the foregoing reasons, the Court denies Plaintiffs' motion to reconsider or transfer, R. 192.

ENTERED:

Dated: November 6, 2018

Honorable Thomas M. Durkin
United States District Judge

---

[4] Defendants also argue that transfer under 28 U.S.C. §§ 1404 or 1406(a) is not proper. R. 206 at 10-13. Plaintiffs do not move for transfer under those sections and do not address them in their reply.